COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Benton and
         Senior Judge Duff
Argued at Alexandria, Virginia


NATHAN LAMONT REED
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 1231-97-4               JUDGE CHARLES H. DUFF
                                             JUNE 23, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                   David F. Berry, Judge Designate

            David H. White for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Richard Cullen, Attorney General, on
            brief), for appellee.


     Nathan Lamont Reed (appellant) was convicted in a jury trial
of second degree murder and of use of a firearm in the commission
of that murder.  He contends that the evidence was insufficient
to support the second degree murder conviction, and, therefore,
was also insufficient to support the firearm conviction.  We
disagree and affirm.

                                I.

     On the day of the murder, Roscoe Ellison "had words" with
Tobias Reed, appellant's cousin.  Thereafter, Ellison asked Gary
Goodridge to obtain a gun.  Goodridge found a gun and gave it to
Ellison.  Goodridge and Ellison walked into an alley and
confronted appellant and Tobias Reed.  Ellison and Tobias Reed

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

exchanged words. Appellant ran up the alley and shot Ellison five times. Appellant continued firing although Ellison's back was towards appellant and Ellison was running away. Ellison shot his gun once or twice before he died. Appellant ran back down the alley and left in a car with Tobias Reed. Tobias Reed asked appellant, "How many times do you think you . . . hit [him]?" Appellant replied, "I don't know. I just let it go. . . . He shouldn't had did what he did."

At trial, Tobias Reed testified that Ellison had robbed him the week before at gunpoint. On the day of the murder, Tobias Reed said he wanted to "leave it alone," but Ellison came down the alley and pulled out a gun. When appellant refused Ellison's command to "get out of the way," Tobias Reed claimed that Ellison shot at appellant twice. Thereafter, appellant began shooting at Ellison. Ellison ran until he fell in the alley.

Appellant testified that on the day of the murder, Ellison approached him and Tobias Reed and said, "I heard you was coming looking for me, and you was suppose to kill me. . . . Somebody gonna die tonight." Appellant said he was scared and thought Ellison was going to kill him. Appellant testified that he had his hands in his pockets when Ellison began to shoot. Appellant pulled out a gun from his pocket and pulled the trigger. Appellant held the trigger and the gun kept firing. Appellant let go of the trigger after Ellison fell.

II.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975). The credibility of the witnesses, the weight accorded to testimony, and the inferences to be drawn from the proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

So viewed, the evidence showed that appellant and Ellison were armed when they confronted each other in the alley. Appellant was there with his cousin who had earlier argued with Ellison. As appellant's cousin and Ellison continued to argue, Ellison and appellant began shooting. Appellant fired his weapon five times at Ellison. Some of the bullets hit Ellison while Ellison was fleeing. According to appellant's own testimony, he fired several shots at Ellison while Ellison had his back turned and was running away. The fact finder believed the Commonwealth's evidence, and rejected portions of the testimony of appellant and Tobias Reed.

The fact finder rejected appellant's claim that he acted in self-defense. Moreover, the evidence was sufficient for the trier of fact to infer beyond a reasonable doubt the element of malice from the circumstances in which the gun was used. See Henry v. Commonwealth, 195 Va. 281, 289, 77 S.E.2d 863, 868

(1953).  Thus, the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant acted with malice and committed second degree murder and that he used a firearm in the commission of that murder.

Affirmed.